PEOPLE, PLAINTIFF AND APPELLEE, *v.* DÍAZ, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution for Voluntary Homicide.

No. 2279.—Decided July 9, 1924.

HOLIDAY—PROCLAMATION OF GOVERNOR—JURY—RECOMMENDATION.—The impaneling of the jury in this case was not unlawful because it was done on Feb-

ruary 6, 1924, a day declared to be a day of mourning by a proclamation of the Governor on account of the death of former President Wilson. Such a proclamation has no greater scope than a recommendation.

EVIDENCE—INSTRUCTIONS TO JURY.—The court having previously instructed the jury that they must adjust the contradictions in the evidence in accordance with an honest, impartial and reasonable conscience, it can not be concluded that the following instruction was erroneous: ''And in cases in which the testimony of witnesses is contradictory and the jury can not harmonize it, they may decide which of the testimony should be believed and which not.''

The facts are stated in the opinion.

*Mr. F. Cervoni* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The first five grounds alleged by the appellant for a reversal of the judgment of conviction rendered against him in this criminal action are based on the supposition that because the Governor of this Island declared the 6th of February, 1924, a day of mourning on account of the death of Woodrow Wilson, former President of the United States, and ordered the closing of all public offices and departments and the suspension of all public business and work on that day, the impaneling and swearing in on that day of the jurors to try his case were unlawful, the trial having been continued at this stage to the day following.

The Code of Criminal Procedure contains no provision concerning the days on which the courts may not sit, but the Code of Civil Procedure, enacted two years later, does and refers expressly to criminal cases, section 10 thereof providing that the courts of justice may be held and judicial business be transacted on any day, except as provided in section 11, which prescribes that no court can be opened, nor can any judicial business be transacted on Sunday, on the first day of January, on the fourth day of July, on Christmas or Thanksgiving day, or on a day on which the general election is held, except to give instructions to a jury when deliberating, to receive a verdict or discharge a jury, and to exercise the powers of a magistrate in a crimi-

nal action or proceeding, and also in civil actions in the cases enumerated in the said section. The day on which the jury were impaneled in this case not being among those on which under the statute the courts can transact no business, it can not be held that the impaneling and swearing in of the jury were unlawful, notwithstanding the fact that the Governor of Porto Rico may have declared it to be a day of mourning as stated, for although he has power under section 387 of the Political Code to declare holidays, that power does not extend to changing the days on which according to law the courts can not transact business and his proclamation is only a recommendation, as said by the Supreme Court of the United States in *Richardson et al. v. Guddard et al.*, 64 U. S. 43. See also 29 C. J. 763.

The other ground of appeal is that a certain instruction given by the court was erroneous. The court charged the jury as follows: ''And in cases in which the testimony of the witnesses is contradictory and the jury can not harmonize it, they may decide which testimony should be believed and which not.'' The appellant alleges that this induced the jury to adjust the conflict in the evidence at their pleasure by exercising an unlimited and arbitrary power. This is not the case. The language of the court must be taken in connection with the words preceding by which the court told the jury that they must adjust the contradictions in the evidence in accordance with an honest, impartial and reasonable conscience.

The judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Hutchison and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.